**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHANDS JACKSONVILLE MEDICAL
CENTER, INC., f/k/a University Medical
Center, Inc., d/b/a University of Florida
Health Jacksonville and d/b/a Shands
Jacksonville,

                Plaintiff,

v.                                 Case No. 3:14-cv-930-J-34JBT

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
LEXINGTON INSURANCE COMPANY,

                Defendants.
_____

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Objections to Magistrate's May 12, 2015 Order (Doc. 61; Objections), filed on May 26, 2015. Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), and 28 U.S.C. § 636, Plaintiff objects to the Order (Doc. 58; Order) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on May 12, 2015. In the Order, Magistrate Judge Toomey denied Plaintiff's Motion Requesting Redaction and Incorporated Memorandum of Law (Doc. 56; Motion to Redact). See Order at 3. Defendants filed a response to the Objections on July 6, 2015. See Defendants' Response to Plaintiff's Objection to Magistrate Judge's Redaction Order (Doc. 66: Response).

1

Inasmuch as the Magistrate Judge's May 12, 2015 Order on Plaintiff's Motion to Redact does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objections, Plaintiff must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[2] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3]  Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders such as the May 12, 2015 Order. See Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases).

After a thorough review of the Magistrate Judge's May 12, 2015 Order, Plaintiff's Objections, Defendants' Response, and the statements at issue, the Court finds no error, much less "clear error" in the May 12, 2015 Order. The Court further finds that the May 12, 2015 Order is not contrary to law. In light of the foregoing, the Court concludes that this decision is not an abuse of discretion. Accordingly, it is

---

[3] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").

**ORDERED**:

1. Plaintiff's Objections to Magistrate's May 12, 2015 Order (Doc. 61) are **OVERRULED.**

2. Magistrate Judge Toomey's Order (Doc. 58) is **AFFIRMED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of September, 2015.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record