**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHANDS JACKSONVILLE MEDICAL
CENTER, INC., f/k/a University Medical
Center, Inc., d/b/a University of Florida
Health Jacksonville and d/b/a Shands
Jacksonville,

                Plaintiff,

v.                                Case No. 3:14-cv-930-J-34JBT

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
LEXINGTON INSURANCE COMPANY,

                Defendants.

_____

## O R D E R

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 59;

Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on May

13, 2015.   In the Report, Magistrate Judge Toomey recommends that the Court grant

Defendants' Motion to Stay Pending Resolution of the Related Underlying State-Court

Litigation (Doc. 17; Motion to Stay), and stay this action pending resolution of a related state

court case.  See Report at 2, 13-14.  Plaintiff filed objections to the Report on May 27, 2015.

See Plaintiff's Objections to Magistrate Judge's May 13, 2015 Report and Recommendation

(Doc. 62; Objections).[1]  Defendants responded to the Objections on June 10, 2015.  See

_____

     [1] In addition, Plaintiff separately filed Exhibits A-F to the Objections on May 28, 2015.  See Notice of
Filing (Doc. 63).

Defendants' Response to Plaintiff's Objection to Magistrate Judge's May 13, 2015 Report and Recommendation (Doc. 64; Response).  Accordingly, this matter is ripe for review.[2]

## I.    Background

Plaintiff Shands Jacksonville Medical Center, Inc. f/k/a University Medical Center, Inc. d/b/a University of Florida Health Jacksonville and d/b/a Shands Jacksonville (Shands) has a hospital lien in the amount of $915,375.10 for medical services it provided to Deanna Branch (Branch).   Branch received these services to treat injuries she sustained in an automobile accident with an employee of Florida Rock & Tank Lines, Inc. (Florida Rock), a company insured by Defendants AIG Property Casualty Company f/k/a Birmingham Fire Insurance Company d/b/a National Union Insurance Companies and Lexington Insurance Company (the Insurers).  As a result of this accident, Branch sued Florida Rock in state court and the Insurers entered into a settlement agreement with Branch.  See Deanna Branch v. Florida Rock & Tank Lines Inc., et al., No. 16-2012-CA-008554 (Fla. 4th Cir. Ct. filed Aug. 6, 2012) (the State Action).  Following her settlement with the Insurers, on June 24, 2014, Branch filed a supplemental complaint in the State Action in which she sued Shands seeking a declaratory judgment regarding the validity and amount of Shands' hospital lien.  See Motion to Stay, Ex. 1.  On July 7, 2014, Shands initiated a separate action for lien impairment against the Insurers in state court.  See Complaint (Doc. 2).  In this action,

---

[2] On July 8, 2015, Plaintiff also filed a Motion for Leave to File Supplemental Authority in Support of Plaintiff's Objections to Magistrate Judge's May 13, 2015 Report and Recommendation (Doc. 67; Motion for Leave).  Upon review of the Motion for Leave, the Court observes that Plaintiff failed to provide certification under Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), confirming that it conferred with counsel for Defendants in a good faith effort to resolve the issue raised by the Motion for Leave and advising the Court whether counsel for Defendants agrees to the relief requested. Therefore, as Plaintiff failed to comply with the Local Rules, its Motion for Leave is due to be denied.

Shands alleges that the Insurers impaired Shands' hospital lien by settling with Branch without first satisfying Shands' lien in violation of section 482.107 of the Jacksonville Code of Ordinances.  See generally id.; see also Objections, Ex. A.  In light of the dispute regarding Shands' lien, Branch's attorney is currently holding $947,337.29 of the settlement proceeds in trust.  See Affidavit in Support of Defendant's Motion to Stay Pending Resolution of Underlying State Court Litigation (Doc. 49; Attorney Affidavit) ¶¶ 5-6.

On August 6, 2014, the Insurers removed the lien impairment action to this Court, see Defendants' Notice of Removal (Doc. 1), and on November 3, 2014, filed the instant Motion to Stay in which they seek a stay of this lien impairment case pending the resolution of the State Action.  See Motion to Stay at 1.  While the Motion to Stay has been pending, on January 12, 2015, the Insurers filed a third-party complaint against Branch in this action in which they allege that Branch is obligated to indemnify the Insurers "for all of their costs, expenses, judgments, or settlements– including attorneys' fees– incurred in this case."  See Defendants' Third Party Complaint Against Deanna Branch (Doc. 34; Third-Party Complaint) ¶ 8.

On March 3, 2015, the undersigned referred the Motion to Stay to Magistrate Judge Toomey for preparation of a report and recommendation.  See Order (Doc. 42).  After considering the relevant filings and hearing oral argument, the Magistrate Judge recommends that the Court stay these proceedings pending resolution of the State Action

pursuant to the <u>Colorado River</u> abstention doctrine.[3]  <u>See</u> Report at 13; Minute Entry (Doc. 51); Transcript of Motion Hearing (Doc. 52), filed April 28, 2015.

Because Magistrate Judge Toomey summarizes the factual background of these proceedings in the Report, the Court will not further repeat the facts of this case here. <u>See</u> Report at 2-4; <u>see also</u> Order (Doc. 19) at 1-3, entered November 13, 2014.  In the Report, Magistrate Judge Toomey finds that the federal and state proceedings are parallel, and the relevant factors weigh in favor of abstention.  <u>Id.</u> at 5-13.  Specifically, he opines that abstention is warranted due to the potential for piecemeal litigation, the order in which the federal and state courts obtained jurisdiction, and the need to apply state law to the claims and defenses at issue here.  <u>Id.</u> at 9-12.  Judge Toomey reasons that the remaining <u>Colorado River</u> factors are neutral.  <u>Id.</u> at 9, 12-13.  The Magistrate Judge's recommendation in favor of abstention is premised in substantial part on his analysis that "if Branch pays Shands the reasonable value of its lien as agreed upon or as determined by the state court, the case at bar would be fully resolved."  <u>Id.</u> at 7.  As such, Magistrate Judge Toomey also finds that "[i]t is unlikely that any dispute regarding the [T]hird-[P]arty [C]omplaint will ever have to be decided by the Court because Branch acknowledges her primary liability to Shands, and appears to be ready, willing and able to satisfy it."  <u>Id.</u>  Shands objects to the Magistrate Judge's findings on these issues as being clearly erroneous and contrary to law. <u>See</u> Objections at 12.

---

[3] The <u>Colorado River</u> abstention doctrine "addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts," and refers to the Supreme Court's decision in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).  <u>See</u> <u>Ambrosia Coal & Constr. Co. v. Pagés Morales</u>, 368 F.3d 1320, 1327 (11th Cir. 2004).

## II.   Summary of the Arguments

Shands maintains that the Magistrate Judge clearly erred in finding that: (1) Branch's attorney is holding sufficient funds in his trust account to fully satisfy Shands' lien, (2) Branch is willing and able to satisfy the lien, and (3) it is likely that Branch will fully satisfy the reasonable value of Shands' lien.  See Objections at 13-14.  According to Shands, these findings are clearly erroneous because they are not supported by the evidence, speculative, and "based on unsupported hypotheticals."  Id. at 14.  In addition, Shands contends that the Report is contrary to law because the federal and state actions are not parallel, and the Colorado River abstention factors weigh against a stay.  Id. at 17-25.  Specifically, Shands maintains that the parties are not "substantially similar" because the Insurers are not parties to the State Action, and the issues are not "substantially similar" because the State Action will not "necessarily" result in the complete resolution of all the claims pending in this case. Shands contends that the risk of piecemeal litigation is not "abnormally excessive," and the risk of inconsistent results is "not a basis for concluding that the piecemeal litigation factor supports staying this case."  Id. at 21-22.  Shands also argues that the order in which the courts obtained jurisdiction of the two actions weighs against abstention because the Insurers were served in the federal action before Branch served Shands in the State Action. Id. at 23.  In addition, Shands maintains that, at the time the Insurers filed their Motion to Stay, the federal proceedings had progressed "somewhat further" than the State Action.  Id. Next, Shands asserts that no complex issues of state law are at issue in this case, such that the application of state law to the claims in this case does not weigh in favor of abstention. Id. at 24.  Last, Shands contends that the state court is not in a position to protect Shands'

rights because the Insurer's liability for impairment of the lien is not before that court, further weighing against abstention.  Id. at 24-25.

In their Response, the Insurers agree that the appropriate standard of review is the clearly erroneous or contrary to law standard.  See Response at 3.  However, the Insurers maintain that the Report is not clearly erroneous because "there are two permissible views of the evidence supporting" the Magistrate Judge's findings.  Id. at 3-5.  In addition, the Insurers contend that the Report is not contrary to law because the Magistrate Judge correctly determined that the proceedings are parallel in that the parties and the issues in the federal and state actions are substantially similar, even if not identical.  Id. at 6-7.  The Insurers further assert that the Magistrate Judge correctly weighed the relevant factors in determining that abstention is appropriate.  Id. at 8-12.

## III.   Standard of Review

Generally, when considering the report and recommendation of a magistrate judge, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review the legal conclusions in the report de novo.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

In its Objections, Shands characterizes the Report as an order on a "non-dispositive" matter" and asserts that the clearly erroneous and contrary to law standard of review set forth in Rule 72(a), Federal Rules of Civil Procedure (Rule(s)), applies.  <u>See</u> Objections at 11-12.  Likewise, in their Response, the Insurers characterize the Report in the same manner and utilize the clearly erroneous and contrary to law standard as well.  <u>See</u> Response at 3.  Thus, the parties appear to agree that the Court should apply this more lenient standard of review.  The undersigned disagrees.

Not only do the parties appear to conflate a report and recommendation with an order but, more significantly, they mischaracterize the Motion to Stay, premised on <u>Colorado River</u> abstention, as pertaining to a "non-dispositive" matter.  <u>See</u> <u>Moses H. Cone Memorial Hosp.</u> <u>v. Mercury Constr. Corp.</u>, 460 U.S. 1, 8-13 (1983) (finding that a stay order premised on <u>Colorado River</u> abstention is immediately appealable because it effectively renders the plaintiff out of court and amounts to a dismissal of the suit).  Indeed, because an order staying a case pursuant to the <u>Colorado River</u> abstention doctrine is considered final and immediately appealable, <u>see</u> <u>Ambrosia Coal</u>, 368 F.3d at 1327 n.15, under this Court's Local Rules, a magistrate judge is not authorized to enter such an order resolving such a motion. <u>See</u> Local Rule 6.01(c)(18) (providing in relevant part that magistrate judges may determine pretrial motions made in civil cases, except that they may not enter any "final order or judgment that would be appealable if entered by a judge of the court").  As such, this Court referred the Motion to Stay to the Magistrate Judge for entry of a report and recommendation and the Magistrate Judge properly issued his findings in the Report, not an order.  <u>See</u> Order (Doc. 42).  In light of the foregoing, the Court determines that it would be improper to apply

the contrary to law and clearly erroneous standard of review to this matter.  Rather, the Court

will apply the correct standard of review, and consider de novo the factual findings to which

Shands objects and the Magistrate Judge's legal conclusions.

## IV.    Discussion

### A.    Factual Objections

First, Shands challenges three of the Magistrate Judge's factual findings arguing that

these findings are mere speculation and therefore clearly erroneous.  See Objections at 13-

14.  Specifically, Shands objects to the Magistrate Judge's determinations that: (1) the

$947,337.29 held in the trust account is sufficient to satisfy the $915,375.10 asserted amount

of Shands' lien, (2) Branch is or appears to be willing and able to satisfy the lien, and (3) it

is likely that Branch will fully satisfy the reasonable value of Shands' lien as determined by

the state court or ultimately agreed upon between the parties.  Id.  Upon review, the Court

determines that these findings are fully supported by the record.  Indeed, Shands does not

dispute that the asserted amount of its lien is $915.375.10, and that Branch's attorney holds

in his trust account settlement proceeds in the amount of $947,337.29.  See Objections at

2, 8 n.4.  In addition, Branch's pleadings and her attorney's affidavit support the Magistrate

Judge's determination that Branch is holding these funds in trust so that she will be able to

fully satisfy the hospital lien once the dispute concerning the validity and "reasonable"

amount of the lien is resolved.  See generally Answer to Defendants/Third Party Plaintiffs'

Third Party Complaint (Doc. 47; Answer); see also Attorney Affidavit ¶¶ 4-6.

Shands contends that these findings are "clearly erroneous" because the funds held

in trust are not sufficient to cover any potential award for prejudgment interest and attorneys

fees and costs to which Shands may be entitled under the lien impairment ordinance.  This argument is inapposite however, because the Magistrate Judge did not find that Branch held sufficient funds to cover <u>all</u> of Shands' potential recovery in this or the State Action.  Rather, Magistrate Judge Toomey's analysis relies on his assessment that, although Shands alleges that the settlement impaired its hospital lien, Branch is holding sufficient funds in trust from the settlement to satisfy the full value of the lien and appears to be willing to apply those funds to the lien when its validity and reasonable value are determined.  While Shands may dispute the importance of these facts to the abstention analysis in light of the possibility that Shands may recover additional damages, the factual findings are not incorrect, much less clearly erroneous.  Accordingly, the Court will overrule Shands' objections to the Magistrate Judge's factual findings.

### B.   Legal Objections

Shands next contends that the Magistrate Judge's legal conclusions are contrary to law.  After a <u>de novo</u> review, the Court determines that the Objections are due to be overruled.  "<u>Colorado River</u> addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." <u>Ambrosia Coal and Constr. Co. v. Pagés Morales</u>, 368 F.3d 1320, 1327 (11th Cir. 2004).  "'Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction,' . . . [and] [f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" <u>Ambrosia Coal</u>, 368 F.3d at 1328 (quoting <u>Colorado River</u>, 424 U.S. at 817)(marks and citations omitted). As such, "federal

courts can abstain to avoid duplicative litigation with state courts only in 'exceptional' circumstances." Id. (quoting Colorado River 424 U.S. at 818).  This is based upon the need for "'(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 818 (citation omitted); see also Moses H. Cone, 460 U.S. at 15; Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004).

> i.      **Parallel Proceedings**

As a threshold matter, the Colorado River analysis is applicable "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330.  Shands argues that the State Action and these proceedings are not parallel because the State Action does not involve Shands' lien impairment claims and the Insurers are not parties to that Action.  See Objections at 17-19. However, Shands and Branch are involved in both proceedings, and the Colorado River doctrine does not require absolute identity of the parties.  Indeed, in Ambrosia Coal, the Eleventh Circuit Court of Appeals stated that the absence of identical parties, issues, or requests for relief does not preclude application of Colorado River, and that "[s]uch formalistic requirements would fly in the face of the Supreme Court's clear efforts to fashion a flexible and holistic test for applying" the doctrine.  See Ambrosia Coal, 368 F.3d at 1329-30.  Because Shands, the lienholder, and Branch, the individual in possession of the settlement funds subject to the lien, are parties to both actions, viewing the dispute surrounding the hospital lien in a flexible and holistic manner, the Court agrees with the

Magistrate Judge's determination that the two proceedings involve "substantially the same parties." See Report at 7-8.

Likewise, the Court agrees with the Magistrate Judge that the two proceedings involve substantially the same issues. See Report at 6-7. Indeed, as aptly addressed in the Report, Shands recognized the substantial similarity of the issues in these cases when it filed a motion to stay in the State Action asserting that: "[i]dentical issues are framed by the pleadings and will necessarily be determined in the pending federal action," and "[b]ecause both of the pending lawsuits involve the same or all of the same issues, there is a risk of inconsistent rulings and a stay is appropriate." See Report at 7 (internal quotation omitted). Nonetheless, in its Objections, Shands argues that to be sufficiently parallel the State Action "must be of such a character that it will necessarily result in a complete resolution of the claims pending" in these proceedings. See Objections at 18 (emphasis added). The Court disagrees.

The Colorado River abstention doctrine does not require complete identity of the issues, rather, substantial similarity will suffice. See Ambrosia Coal, 368 F.3d at 1330; see also Day v. Union Mines Inc., 862 F.2d 652, 656 (7th Cir. 1988) (observing that the precise issues raised in federal court was not present in the state court action, but finding a stay warranted because "we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case," (internal quotation omitted) (emphasis added)); Bankers Ins. Co. v. Countrywide Fin. Corp., No. 8:11-CV-01630-T-17, 2012 WL 2594341, at *7 (M.D. Fla. July 5, 2012). As the Magistrate Judge correctly observed, the validity and amount of the hospital

lien is a central issue in both cases.  See Report at 6-7.  While the State Action may not

necessarily resolve Shands' claim here, the Court agrees with the Magistrate Judge's

determination that such an outcome is substantially likely to occur.  Moreover, at the very

least, this action is premature in that resolution of the validity and amount of the lien in the

State Action, and Branch's subsequent payment thereof, will significantly narrow the issues

before this Court as to any impairment of the lien.  See Day, 862 F.2d at 656 (finding that the

proceedings were parallel and describing the federal action as "premature," where the issue

in the federal action would only arise given a certain outcome in the state action).  As such,

upon independent review, the Court agrees with the Magistrate Judge's finding that the

issues in this case are substantially similar to those in the State Action and that these

proceedings are parallel within the meaning of the Colorado River doctrine.  See O'Dell v.

Doychak, No. 606-CV-677-ORL-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006)

("The validity of Plaintiff's claim of ownership of the property at issue is the subject of both

cases.  Therefore, the issues in the federal and state case are substantially similar.").

### ii.   **Colorado River Factors**

Turning to the six Colorado River factors, Shands challenges the Magistrate Judge's

analysis of: (1) the risk of piecemeal litigation, (2) the order in which the courts obtained

jurisdiction, (3) the application of state law to this case, and (4) the adequacy of the state

forum.  Having considered Shands' arguments and the Colorado River factors de novo, the

Court agrees with the Magistrate Judge's determination that the factors weigh in favor of

abstention.  Significantly, "[t]he weight of each factor varies on a case-by-case basis,

depending on the particularities of that case.  One factor alone can be the sole motivating

reason for the abstention." See Moorer, 374 F.3d at 997.  Under the circumstances of this case, the potential for piecemeal litigation and the progress of the case in each forum weigh heavily in favor of abstention.  Moreover, the remaining factors do not weigh against a stay. Thus, on balance, even recognizing the "heavy bias in favor of exercising jurisdiction," see TranSouth Fin. Corp. v. Bell, 149 F.3d 1292, 1295 (11th Cir. 1998), the Court finds that a stay is warranted.

"'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" See Hendricks v. Mortg. Elec. Registration Sys., Inc. (MERS), No. 8:12-CV-2801-T-30TGW, 2013 WL 1279035, at *4 (M.D. Fla. Mar. 28, 2013) (quoting R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011)).  While the "potential for repetition alone is not reason to abstain," the potential for piecemeal litigation in this case is excessive and deleterious given the substantial likelihood that a decision in the State Action will substantially resolve the issues raised in this lawsuit. See O'Dell, 2006 WL 4509634, at *7 ("The potential for state court litigation to moot a federal case favors abstention.").  If Branch prevails in the State Action and fully satisfies the reasonable amount of the lien with the funds held in trust, as she has expressed her intention to do, then as Shands essentially conceded at oral argument, there will be nothing left of this action. See Report at 7.  Indeed, if Branch does not prevail and the state court determines that the full amount of the lien is valid, Branch is still holding sufficient funds in trust to fully satisfy the lien.  Thus, it would be an excessive and deleterious waste of resources to expend attorney's fees and judicial effort litigating a lien impairment lawsuit for a lien which will likely be fully satisfied at the conclusion of the State Action.

-13-

Shands emphasizes that it may be entitled to an award of attorneys' fees and prejudgment interest, which Branch may not be able to satisfy with the reserved funds. See Objections at 4. However, this scenario does not change the Court's analysis. Even if, under the circumstances Shands suggests, the State Action does not fully resolve the matter before this Court, a decision in the State Action regarding the validity and amount of the lien, and Branch's subsequent payment of any portion of the lien, will have a substantial affect on the amount of Shands' damages for lien impairment in this lawsuit. As such, allowing the State Action to proceed first will allow this Court to render a more accurate decision regarding the amount of Shands' damages, if any, from the alleged lien impairment. See O'Dell, 2006 WL 4509634, at *7. Moreover, the Court will be able to do so without having wasted its own and the parties' resources to determine the amount and validity of the lien and without having risked further complicating this action by potentially arriving at a determination on those issues that is inconsistent with the findings of the state court. In light of the foregoing, the Court finds that this factor weighs in favor of a stay.

Next, Shands argues that the order in which the two fora obtained jurisdiction does not favor abstention. See Objections at 23. As explained in Ambrosia Coal, "despite somewhat misleading phrasing in Colorado River, this factor 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" See Ambrosia Coal, 368 F.3d at 1333 (quoting Moses H. Cone, 460 U.S. at 21). Moreover, "[t]his factor, as with the other Colorado River factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." See Moses H. Cone, 460 U.S. at 21. Shands argues that this factor weighs in favor of

-14-

abstention because the federal case was "somewhat further" along at the time the Insurers filed the Motion to Stay.  See Objections at 23.  However, assuming arguendo that this assessment is true, applying a pragmatic view, the Court will not ignore the progress of the cases since the Motion to Stay was initially filed.  Indeed, in Jackson-Platts, the Eleventh Circuit weighed the district court's analysis of this factor by looking at the progress of the cases "at the time the district court entered its order."  See Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1142 (11th Cir. 2013).  At this time, the State Action has made significantly more progress than the federal proceedings.  As observed by the Magistrate Judge, "[n]o case management order has been entered in this case, and there appears to have been little progress made to date."  See Report at 12.  Indeed, thus far, the parties have spent their time in federal court disputing whether this case belongs in federal court. In contrast, in the State Action, it appears that the state court denied the motion to abate the proceedings on June 22, 2015, depositions were scheduled to occur on June 23, 2015, and a motion to set the case for trial was recently filed on August 4, 2015.  See State Action, Docs. 210, 211, 219, 223.  Accordingly, a comparison of the progress in the two cases weighs in favor of abstention.

Finally, Shands objects to the Magistrate Judge's determination that the state forum is adequate to protect its rights.[4]  Shands argues that the state forum is inadequate to protect

---

[4] The Court notes that Shands also objects to the Magistrate Judge's finding that because state law applies to all claims and defenses in this case, this factor weighs heavily in favor of abstention.  See Objections at 24.  This argument is well-taken in that the law of decision factor "favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve."  See Jackson-Platts, 727 F.3d at 1143. This case does not appear to involve any complex or substantial issues of state law.  As such, the Court does not give this factor any substantial weight in favor of a stay, and declines to adopt the portion of the Report that recommends otherwise.  See Noonan S., Inc. v. Cnty. of Volusia, 841 F.2d 380, 382 (11th Cir. 1988).

its rights because its claims against the Insurers are not before the state court.  However, the Magistrate Judge rejected this argument given the practical realities of these cases.  See Report at 12-13.  As explained in the Report, the primary issue in both cases is the validity and amount of Shands' lien.  See id. at 6-7.  Magistrate Judge Toomey reasoned that the state court is entirely capable of deciding that issue, thereby adequately protecting Shands' interest in the hospital lien.  Id. at 13.  Moreover, Shands' lien impairment claim against the Insurers will not be adversely affected by staying this case because Shands will be able to pursue its impairment claims here at such time as it actually suffers any damages from the alleged impairment, as will become clear only after the resolution of the State Action.  See Bankers Ins. Co., 2012 WL 2594341, at *9 (finding that this factor weighs in favor of abstention where, to the extent the parallel state proceeding does not resolve all of the plaintiff's claims, the plaintiff "may attempt to raise outstanding issues . . . after the Court lifts the stay").  Thus, the Court agrees with the Magistrate Judge's reasoning in this respect and determines that this factor is neutral.

Upon independent review of the file and for the reasons stated in Magistrate Judge Toomey's Report, the Court finds that a stay pending resolution of the State Action is appropriate here.  As such, the Court will overrule the Objections, and, except as noted above, will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.  Accordingly, it is

ORDERED:

1.    Plaintiff's Objections to Magistrate Judge's May 13, 2015 Report and Recommendation are **OVERRULED**.

2.   The Report and Recommendation (Doc. 59) is **ADOPTED** to the extent set forth in this Order.

3.   Defendants' Motion to Stay Pending Resolution of the Related Underlying State-Court Litigation (Doc. 17) is **GRANTED**.

4.   This matter is **STAYED**, and the Clerk of the Court is directed to administratively close the case pending further Order of the Court.

5.   The parties are directed to file a status report with this Court on **December 28, 2015**, and every **90 days thereafter**, advising the Court of the status of the underlying state court action.

6.   Plaintiff's Motion for Leave to File Supplemental Authority in Support of Plaintiff's Objections to Magistrate Judge's May 13, 2015 Report and Recommendation (Doc. 67) is **DENIED** for failure to comply with Local Rule 3.01(g).

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September, 2015.


**MARCIA MORALES HOWARD**
United States District Judge


lc11

Copies to:

Counsel of Record